UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SHAW,<br><br>            Plaintiff,<br><br>     v.<br><br>WOODS, et al.,<br><br>            Defendants. | Case No. 1:20-cv-01087-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT SEXUAL ASSAULT CLAIM AGAINST DEFENDANT SHEARER AND THAT PLAINTIFF'S FAILURE TO PROTECT CLAIM BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

William Shaw ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 3, 2020. (ECF No. 1). The complaint is before this Court for screening.

The Court has reviewed the complaint and finds that the following claim should proceed past the screening stage: Plaintiff's Eighth Amendment sexual assault claim against defendant Shearer. The Court also finds that Plaintiff's complaint fails to state a failure to

protect claim.

Accordingly, the Court issues these findings and recommendations to the assigned district judge, recommending that this case proceed on Plaintiff's Eighth Amendment sexual assault claim against defendant Shearer and that Plaintiff's failure to protect claim be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint:

Plaintiff alleges that on May 28, 2019, at approximately 12:30 p.m., he was sexually assaulted by Correctional Officer Shearer while attending a medical appointment.[1]  Plaintiff alleges that Correctional Officer Shearer "grab[b]ed my ass like [I] was his personal property" in front of two other correctional officers.  One of the officers who witnessed the assault was Correctional Officer Woods.

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

---

[1] It is not clear if the incident took place at California State Prison, Corcoran, or California State Prison, Sacramento.

3

under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Sexual Assault in Violation of the Eighth Amendment

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind'"—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). As "sexual assault serves no

valid penological purpose … where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not *de minimis* for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

In sum,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144.

Plaintiff alleges that defendant Shearer "grab[b]ed my ass like [I] was his personal property." Liberally construing Plaintiff's complaint, the Court finds that Plaintiff's Eighth Amendment sexual assault claim against defendant Shearer should proceed past the screening stage.

### C. Failure to Protect in Violation of the Eighth Amendment

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it.'" Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff alleges that two correctional officers witnessed defendant Shearer sexually assault him.  However, there are no allegations suggesting that these officers had the opportunity to take to reasonable measures to protect Plaintiff from defendant Shearer.  The only allegation against these officers is that they were present when defendant Shearer grabbed Plaintiff.

As there are no allegations suggesting that these officers had the opportunity to take reasonable measures to protect Plaintiff but failed to do so, the Court finds that Plaintiff has failed to state a failure to protect claim against these officers.

### IV.    CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that Plaintiff's Eighth Amendment sexual assault claim against defendant Shearer should proceed past the screening stage.  The Court also finds that Plaintiff's complaint fails to state a failure to protect claim.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's Eighth Amendment sexual assault claim against defendant Shearer; and
2. Plaintiff's failure to protect claim be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\

\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **September 2, 2020**              /s/ *Erici P. Groj*
                                                                          UNITED STATES MAGISTRATE JUDGE