UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SHAW,<br><br>    Plaintiff,<br><br>WOODS, et al..<br><br>    Defendants. | No.  2:20-cv-1980 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court is plaintiff's first amended complaint for screening.  For the reasons set forth below, this court finds plaintiff has stated a cognizable claim against defendant Shearer but has failed to state claims against the remaining defendants.  Plaintiff will be given an opportunity to either amend his first amended complaint or proceed on the cognizable claim in his current complaint.

**BACKGROUND**

Plaintiff initially filed this action in the Fresno division of this court.  On screening, the previously assigned magistrate judge found plaintiff stated an Eighth Amendment claim against defendant Shearer but failed to state a claim against defendant Woods.  Plaintiff then sought to amend his complaint.  At that time, it became apparent that plaintiff was asserting claims arising out of his incarceration at California State Prison, Sacramento, which is part of the Sacramento

////

1

Division of the United States District Court for the Eastern District of California. Therefore, the case was transferred to the Sacramento Division.

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the First Amended Complaint**

Plaintiff identifies two defendants: Correctional Officers Shearer and Woods. He also describes a third defendant who he identifies only as "U.F.C.O." Plaintiff does not explain this designation. This court assumes, based on plaintiff's allegations, that this third defendant is a correctional officer for whom plaintiff does not have a name.

Plaintiff states that on May 28, 2019, defendant Shearer escorted him to a medical appointment. Plaintiff states that Shearer made "sexual" comments to plaintiff about the size of jumpsuit plaintiff needed and told plaintiff he would "grab him by his dick" if he did not sit down. After his medical appointment, plaintiff was escorted by Shearer, Woods, and U.F.C.O. Plaintiff asked them "why y'all partner gay?" Shearer then grabbed plaintiff's buttocks. Plaintiff asked defendant Woods for help, but Woods turned his back and did nothing while Shearer continued to grab him.

Plaintiff seeks a declaratory judgment and costs of suit.

**B. Does Plaintiff State Cognizable Claims?**

The Eighth Amendment protects against cruel and unusual punishment. Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency

3

that mark the progress of a maturing society.'" Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether " 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298, 303). A sexual assault on an inmate by a prison official implicates the rights protected by the Eighth Amendment. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) ("Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm").

Plaintiff's allegations are sufficient to state an Eighth Amendment claim against defendant Shearer for sexual misconduct and an Eighth Amendment claim against defendant Woods for failure to protect plaintiff from that conduct. Plaintiff does not, however, allege that U.F.C.O. witnessed Shearer's behavior and failed to take action to protect him. Further, the use of unnamed or "Doe" defendants is not favored. If plaintiff chooses to file an amended complaint, he must make every attempt to identify by name the unnamed defendant.

## CONCLUSION

This court finds above that plaintiff has stated cognizable claims against defendants Shearer and Woods. However, plaintiff fails to state a plausible claim against defendant U.F.C.O.

Plaintiff has a choice. He may proceed on his sexual misconduct claims against Shearer and Woods or he may amend his complaint to attempt to also state claims against defendant U.F.C.O. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended

1  complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff
2  need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a
3  short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

4  Any amended complaint must show the federal court has jurisdiction, the action is brought in
5  the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a
6  request for particular relief. Plaintiff must identify as a defendant only persons who personally
7  participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v.
8  Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
9  constitutional right if he does an act, participates in another's act or omits to perform an act he is
10 legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of
11 official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d
12 266, 268 (9th Cir. 1982) (citations omitted).

13 In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R.
14 Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R.
15 Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
16 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

17 The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
18 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
19 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
20 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be
21 set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema
22 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
23 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

24 An amended complaint must be complete in itself without reference to any prior pleading.
25 E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.
26 By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
27 evidentiary support for his allegations, and for violation of this rule the court may impose
28 sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated cognizable Eighth Amendment claims against defendants Shearer and Woods.
2. Plaintiff's Eighth Amendment claim against defendant U.F.C.O. is dismissed with leave to amend.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 12 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/shaw1980.scrn lta or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SHAW,<br><br>            Plaintiff,<br><br>    v.<br><br>WOODS, et al.,<br><br>            Defendants. | No. 2:20-cv-1980 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his claims in the first amended complaint for sexual misconduct in violation of the Eighth Amendment against defendants Shearer and Woods. Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_   Plaintiff wants to amend the first amended complaint.

DATED:_____

                                                        Plaintiff William Shaw, Pro Se